UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH FACELLA, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>SCHERING PLOUGH CORP., )<br>THE LAHEY CLINIC, and )<br>DR. STEVEN FLEURY, )<br>   Defendants. ) | C.A. No. 05-10938-WGY |

## MEMORANDUM AND ORDER

For the reasons stated below: 1) Plaintiff shall, within forty-two (42) days of the date of this Memorandum and Order, either pay the $250.00 filing fee for civil actions, or file a completed Application to Proceed Without Prepayment of Fees, accompanied by a certified prison account statement; and 2) Plaintiff is directed to show cause within forty-two (42) days why this action should not be dismissed for the reasons stated herein.

## FACTS

On May 2, 2005, Plaintiff Joseph Facella, a pretrial detainee awaiting a state criminal trial, currently in custody at the Bridgewater State Hospital in Bridgewater, MA by the Mass. Department of Corrections, filed a self-prepared § 1983 civil rights complaint against Schering Plough Corp., The Lahey Clinic ("Lahey Clinic"), and Dr. Steven Fleury arising out of his prescribed use of alleged harmful medication. Plaintiff also alleges medical malpractice by Dr. Fleury.

More specifically, Plaintiff claims that in November 2001, The Lahey Clinic placed him on the medication Interferon-Alpha 2b+ Ribaviron, recently-approved FDA and marketed as "Peg-Intron". Complaint, ¶ 7. Plaintiff alleges that The Lahey Clinic prescribed the medication

but neglected to check beforehand, his psychiatric background, which includes a history of alcoholism, depression, and psychiatric hospitalizations. Complaint, ¶¶ 8, 13. Plaintiff was prescribed the drug for six months, and claims that it made him "extremely sick, delusional, and eventually psychotic." Complaint ¶ 9. Plaintiff claims that Schering Plough Corp., the manufacturer of "Peg-Intron" downplayed the serious side effects, including suicidal and homicidal propensities. Complaint, ¶ 12. Plaintiff further claims he immediately complained about the side effects, and later began experiencing toxic psychosis during his last month of treatment, and this led to his "being arrested and then held at Bridgewater State Hospital..." Complaint ¶ 15.

On May 16, 2002, Plaintiff attempted suicide and seriously injured himself. Complaint ¶ 16. Plaintiff is currently prescribed a variety of psychiatric medications.

Plaintiff seeks injunctive relief prohibiting the manufacturer, Schering Plough Corp. from manufacturing and distribution of "Peg-Intron" as well as the distribution by the medical defendants. In the alternative, Plaintiff seeks monetary damages.

Plaintiff failed to pay the filing fee or file an Application for waiver of the fee, with his prison account statement.

## ANALYSIS

I. <u>The Filing Fee</u>

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint, or (2) file an Application to Proceed Without Prepayment of Fees. <u>See</u> 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document

certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. 28 U.S.C. § 1915(a)(2).[1]

Plaintiff is advised that, unlike other civil litigants, prisoner plaintiffs are <u>not</u> entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status. Rather, prisoner plaintiffs must pay the <u>full</u> amount of the filing fee, although such payments may be made in installments, payable through their prison accounts in accordance with the provisions of § 1915(b).

Accordingly, Plaintiff is Ordered to either pay the $250.00 filing fee, or in the alternative, file a completed Application to Proceed Without Prepayment of Fees, accompanied by his certified prison account statement, as required by § 1915. The clerk is directed to provide a blank Application form to Plaintiff, along with a copy of this Order.

If Plaintiff submits the filing fee in its entirety, or if he files a completed Application to proceed *in forma pauperis*, he is also directed to demonstrate good cause, within forty-two (42) days, why this action should not be dismissed for the reasons stated herein. If Plaintiff fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice.

II. <u>Order to Treasurer's Office at Bridgewater State Hospital</u>

To the extent that the Treasurer's Office at Bridgewater State Hospital, (or any other facility which maintains Plaintiff's prison account while he is in the custody of the Department of Corrections) requires a Court Order to provide Plaintiff with his prison account statement, it is

---

[1] For the convenience of litigants, this court provides a standardized form for fee waiver applications, in which the applicant is directed to attach a ledger sheet from the institution of incarceration showing prison account transactions for the six months prior to the date of the complaint.

3

hereby ORDERED that:

> The Treasurer's Office at Bridgewater State Hospital, or any other facility housing the Plaintiff shall, upon request by Plaintiff Facella, provide this Court with a certified copy of Plaintiff's prison account statement. Such statement shall include balance information for the six (6) months preceding May 2, 2005 (date complaint was filed), and specifically include the following information: 1) the average monthly deposits to Plaintiff's prison account for that six (6) month period; and 2) the average monthly balance in Plaintiff's account for the six (6) month period immediately preceding May 2, 2005.

III.    Plaintiff's Complaint is Subject to Screening

Because Plaintiff is a prisoner, he is advised that he is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis)*; 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Section 1915A also authorizes the Court to review prisoner complaints in civil actions

that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

In this case, even construing Plaintiff's pleadings generously, Haines v. Kerner, 404 U.S. 519, 520 (1972),  his action is subject to dismissal for the reasons stated below.

IV.    The § 1983 Claims.

Plaintiff alleges that each named defendant violated his civil rights in prescribing and/or distributing the alleged toxic medication.  In order state a claim under § 1983, Plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992).

Here, Plaintiff fails to meet the first prong.  He has not alleged any facts from which state action by any of the defendants could be reasonably inferred, and thus the federal claims against each defendant is subject to dismissal.  Moreover, with respect to Lahey Clinic, even if there was state action by the Lahey Clinic, Plaintiff could not sustain a § 1983 claim against Lahey Clinic based on the alleged wrongful actions of Dr. Fleury or other unnamed medical staff, because such claim is still subject to dismissal since liability under § 1983 is direct and not vicarious. See, e.g., Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights); accord Guzman v. City of Cranston, 812 F.2d 24, 26 (1st

5

Cir. 1987) (same); Rodriguez-Vazquez v. Cintron-Rodriguez, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001).   Here, Plaintiff has not alleged any facts whatsoever which would support a claim for direct liability of Lahey Clinic.[2]

With respect to Dr. Fleury, again, Plaintiff alleges no set of facts by which it could be inferred that Dr. Fleury was acting under color of state law while providing medical treatment to the Plaintiff.  The same is true with respect to Schering Plough Corporation, which does not appear to be a public corporation, and thus no state action is imputed.[3]

In light of the above, these claims are subject to dismissal for lack of jurisdiction (as well as the failure to state a claim upon which relief may be granted).[4]

---

[2] There is insufficient evidence presented to the Court at this time to make factual determination about any relationship between the Department of Corrections and the Lahey Clinic. Plaintiff does not allege that the treatment he received at the Lahey Clinic was based on a contractual relationship to provide health care treatment to prisoners.  Moreover, Plaintiff does not allege he was a prisoner at the time he received treatment from Lahey Clinic.  In any event, even if there were such a relationship with the Massachusetts Department of Corrections, Plaintiff's § 1983 claims against Lahey Clinic would still fail, based on the lack of *respondeat superior* liability, as discussed above. The Court makes no comment about alternative claims the Plaintiff might raise.

[3] Various corporate disclosure statements of Schering Plough Corporation which have been filed in this District reveal that no publicly held company owns more than 10% or more of Schering Plough Corporation's stock. See, e.g., McCutchon v. Schering-Plough Corp., et al C.A. 01-40185-NMG.

[4] The Court notes the potential statute of limitations issues raised by the complaint, based on Plaintiff's allegations that he received six months of treatment with the alleged harmful medication beginning in November 2001.  The alleged suicide attempt occurred in May 2002. The statute of limitations for claims under the Civil Rights Act is three years.  Nieves v. McSweeney, 241 F.3d 46, 52-53 (1st Cir. 2001) (§ 1983); Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) (§ 1981); Govan v. Trustees of Boston Univ., 66 F. Supp. 2d 74, 80 (D. Mass. 1999) (§ 1981, 1985).  Cf. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) (§§ 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims); Mass. Gen. Laws ch. 260, § 2A (three-year statute of limitations for personal injury claims).   There are insufficient facts presented at this time to make a determination on this issue, and therefore the Court will not consider this a basis for dismissal at this juncture.

V.    The State-Law Based Claims

    Because Plaintiff's federal claims are subject to dismissal and Plaintiff has not pled any facts which would demonstrate the diversity jurisdiction over his medical malpractice claim against Dr. Fleury, (or any other state-based claims he might have against the defendants), this Court, in its discretion, would not exercise supplemental jurisdiction over any state law claims unless Plaintiff sets forth a cognizable federal claim in response to this Memorandum and Order. See 28 U.S.C. § 1367(a).

## CONCLUSION

    ACCORDINGLY, for the foregoing reasons, it is hereby ORDERED:

1.    Within forty-two days (42) of the date of this Memorandum and Order, Plaintiff shall either pay the $250.00 filing fee, or he shall file an Application to Proceed Without Prepayment of Fees, accompanied by a certified prison account statement in accordance with 28 U.S.C. §1915(b).  Upon request by Plaintiff, the prison Treasurer's Office is directed to provide such statement to the Court, in accordance with this Memorandum and Order.

2.     Plaintiff shall, within forty-two (42) days of the date of this order,  show cause why this action should not be dismissed for the reasons stated herein.


Dated: May 13, 2005            /s/ William G. Young
                    WILLIAM G. YOUNG
                    CHIEF, UNITED STATES DISTRICT JUDGE