UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Joseph Facella )
    Plaintiff )
)
Vs. ) C.A.No. 05-10938-WGY
)
Schering Plough Corp.,
The Lahey Clinic, and )
Dr. Steve Fleury,
    Defendants. )
)

Plaintiff's Memorandum in-response to
The Court Order why this Complaint
Should not be Dismissed.

### Facts

Plaintiff Joseph Facella Responded to the Memorandum and Order Executed by the honorable Judge Willian G. Young on May 13,005. There are a few elements and deficiencies pointed out by the court, which if left unremedied would leave said subject to Dismissal, and therefore the honorable Court has ORDERED that plaintiff produce a response showing cause why this action Should not be, dismissed.

### Argument

I. The Filing Fee:

    It is indisputable that plaintiff MAY have failed to establish the prerequisite Requirement to pay the $ 250.00 filing fee, when he filed the complaint. In-addition the plaintiff is aware that he is entitled to submit an application to preceed with-out prepayment of fee.

(1)

(Pursuant to 28 U.S.C.§§ 1914 (a);1915 (Proceeding in-forma pauperis). However, plaintiff is advised that, unlike other civil litigants, prisoners are <u>not</u> entitled to a complete waiver of the $ 250.Filing fee, notwithstandinng the grant of in-forma pauperis status.

Rather plaintiff <u>must</u> pay the full amount of the filing fee. Although such payments may be made in installments,payable through his account in accordance with the provision of § 1915 (b). Here the plaintiff is submitting and filing an application to proceed with out prepayment of fees. (Pursuant to 28 U.S.C. § 1914 (a) and (1915). The plaintiff's application to proceed with-out prepayment;(and) (proceeding in forma pauperis), is accompanied by a document certifying the amount of funds in his personal account and credit at MCI B.S.H. (Under 28 U.S.C §1915 (a) (2). In light of the facts that plaintiff is willing to make prepayments in the proceeding of this claim, this action <u>should</u> not then be dismissed on grounds arising from the filing fee requirement pursuant to 28 U.S.C. § 1915.

II. <u>THE HONORABLE COURT SHOULD ALLOW THE PLAINTIFF'S CLAIM TO WITHSTAND FOR THE FOLLOWING REASON:</u>

> Federal Civil Procedure Key- 1772
> provides in-pertinent part:
> "Complaint may not be dismissed for
> failure to state claim upon which
> relief can be granted, unless it
> appears beyond doubt that plaintiff can
> prove no set of facts in support of claim
> that would entitle plaintiff to relief.
> Fed. Rules Civ. Proc., Rule 12(b) (6),
> 28 U.S.C.A."

(2)

" Federal Rules of Civil Procedure do not permit District Courts to impose upon plaintiff's burden to plead with greatest specificity they can." Fed. Rules Civ. Pro. Rule 8(a)(2), 28 U.S.C.A. SEE: Southest Banking Corp. 69 F.3d 1539.

The honorable Court has gone further to say that; Section 1915 Authorized Federal Courts to Dismiss Actions in which plaintiff seeks to proceed without prepayment of fees, if the action lacks an arguable basis either in law or in Fact.

III.
> Federal Civil Procedure Key 671.
> In general Reads as Follow:
> C.A.8. (Ark.) 1994.
> "Complaint need only provide a Short and plain statement of plaintiff's claim, that gives; fair notice of claim, and, of grounds for Relief."
> Fed. Rules Civ. Proc. R.8(a)(2), 28 U.S.C.A. See- Smith V. St. Bernards Regional Medical Center, 19 F. 3d 1254.

Also plaintiff need not put all essential facts in complaint; he may add them by affidavit or brief, even a brief on appeal. Fed. Rules Civ. Proc. Rule 8,- 28 U.S.C.A.

The plaintiff clearly understood that by principle and PRONG he should satisfy the honorable court that this action is not frivolous or in bad-faith. The court alleges that plaintiff has failed to meet the first PRONG.

(3)

In-regard to the fact that plaintiff has not alleged any facts from which state action by any of defendants could be reasonably inferred, and thus the Federal Claims against each defendant is subject to Dismissal.

In sofar to that argument from the Court, there is a mis-construction in the plaintiff's complaint in the form that the action is being STYLED. However the court will look "not to the theory upon which the plaintiff elect to proceed, but to the substance of the claim which he asserts." Schenker V. Binns, 18 Mass. App. CT.404 (1984).

In the following arguments the plaintiff
incorporate the precedent Doctrine:

**Under the precedent Doctrine specifically the Honorable** courts will review only informations contained in the complaint- see General Motor Acceptance Corp V. Abington Casualty...ins Co# Mass.583-584-(1992), and the court will treats all the allegations that entitle him to relief. Also the honorable court "MUST APPLY" a liberal standard to plaintiff complaint and construe his allegation favorable to him. See Schever V. Rhodes 416 U.S.232 (1974). Dewey V. University of New Hampshire- 547 F.2d 135 (1.st Cir. 1976). Here the plaintiff is offering sufficient facts TO WITHSTAND HIS CLAIM.

IV.

> Herein this case at bar the honorable court
> has pointed out Three elements on which
> plaintiff's complaint is subject to dismissal.
> Allow me the opportunity to Address the
> first element, Beginning with the
> § 1983 claims.

(4)

The honorable court alleges that plaintiff has failed to meet the first **Prong**, in regard to the civil Rights claims. The fact that plaintiff has not alleged any facts from which state by any of the defendants could be reasonable inferred, and thus the Federal claims against each defendant are subject to dismissal. There is a contradiction between language in Federal Civil Proc, which gives **broad Discretion** to plaintiff in sofar as how to file a pleading or complaint-see, <u>Federal Civil Procedure Key 671</u>.cite <u>Alberto V. Carovano, 851 F.2d 561 (2nd Cir. 1988)</u>, failure in complaint to cite statute, or to cite the correct one in no way Affects merits of claim; Factual allegation alone are what matters.

### V. Standing:

From the early days it has been an established principle in this Commonwealth that only persons who have themselves suffered or who are in-danger of suffering harm can compell the courts to assume the difficult and delicate duty of passing upon the validity of the acts of another branch of the government.

Plaintiff Facella, has standing to proceed with this action because he suffered harm. The <u>courts hold</u> that a complaint cannot properly be dismissed for lack of subject matter jurisdiction solely because the plaintiff failed to comply with an act requirement. Plaintiff requests to this honorable court, to allow his claim to <u>withstand</u> because the <u>defect</u> on which the court issued the <u>MEMORANDUM AND ORDER</u> is a <u>defect</u> that can properly be corrected, to allow the plaintiff to amend his complaint in-accordance to Fed. Rule of Civil Procedure Rule 15 (a) (b).

(5)

The requirement to comply with an act or properly Jurisdiction is <u>Discretionary</u> and can be <u>WAIVED</u> at this juncture because the litigation is premature and the honorable court will not be <u>IMPAIRED</u> by holding in this <u>ISOLATED CASE.</u>

Nor will the court be <u>prejudiced</u> by the absence or presenment to cite the proper Jurisdiction or to cite the proper statute. I <u>URGE</u> the court to recognize that plaintiff (<u>"WE"</u>) cannot be <u>ISOLATED</u> by a <u>WORD</u> that is a <u>defect</u> that can properly be corrected by allowing the plaintiff to amend his complaint.

Although a legitimate and reasonable bases on access to the court Does not depend merely on <u>just</u> Docketing a complaint and charging court fees, but to equally provide the meaningful access to the court. The purpose of the right of court access is to permit <u>citizens</u> to vindicate their legal rights not just start a lawsuit that goes nowhere. In <u>Snyder v. Massachusetts, 291 U.S. 97,</u> it is a Right upon which the essential elements of <u>fairness</u> in the Administration of <u>Justice</u> <u>Depends.</u>

VI.

> There are a few elements in this action that plaintiff request that this honorable court <u>Should</u> take into consideration:

Instead of asking whether complaint points to appropriate statute, court, <u>should</u> ask whether relief is possible under <u>set</u> allegations. See Fed. Rules Civ. Proc. <u>Rule 8(a), 12 (b) (6), 28 U.S.C.A.</u> <u>Bartholet V. Reishauer A.G. (Zurich), 953 F.2d 1073.</u>

There is not requirement that personal Jurisdiction be alleged in complaint. Fed. Rules Civ. Proc. Rule 8, 28U.S.C.A. See <u>Hansen V. Neumueller Gmbh, 163 F.R.D. 471.</u>

(6)

In-addition interest of justice required that medicare provider be allowed to petition District court for leave to amend its complaint to assert that court had Federal question Jurisdiction over its reimbursement claim, even though Federal question Jurisdiction was not asserted as Jurisdiction basis in its original complaint or in any other aspect of prior District Court proceeding. St. Francis Medical Center V. Sullivan, C.A.3 (P.A) 1992, 962 F.2d 1110.

## VII.

> The Court Ordered the plaintiff to show cause why this action should not be dismissed within Forty Two (42) days of the date of this Order.

There is in fact many elements at law that constitute preservation as to why this claim should withstand and not be dismissed.

Please allow me to point out a few of those elements; This claim is not against any public Agency or officials working for the Government. This claim is against a private corporation with Diversity citizen from other states: Therefore this claim is properly filed in United States District Court which has Jurisdiction in Diversity parties from Different state Pursuant to 28 U.S.C.A. §§ 1332 (a). Accordingly to Hanna V. Plumer cited as 85 S.CT. 1136 (1965), the Supreme Court granted CERTIORARI Chief Justice Warren, held that service should be made in manner prescribed by Federal Rule Civil Procedure rather than by state law, in this case the plaintiff is entitled to Federal state substantive law and Federal procedural law Based in the Diversity of the citizen as partie with jurisdiction in other states.

(7)

The law in-Diversity claims can only be made under Fed. Rules Civ. Proc. Rule 1,4(d)(1), 28 U.S.C.A.: Let's not be Isolated on Defination and Words and Phrases that are a Phenomena to Deny access of the court to citizens who are not properly skilled-in the law. PLaintiff has a claim against Schering Plough Corp, for negligence tort which plaintiff believe that the proper Jurisdiction is 28 U.S.C.A. Plaintiff also has a Claim against the Lahey Clinic, and Doctor. Steven Fleury, for Medical Malpractice pursuant to M.G.L.c. 231,§ 60B, implicating 28 U.S.C.A. 1652, which gives a great Federal and State Substantive Discrition to plaintiff to litigate of the benefit of Federal Diversity Jurisdiction. Under M.G.L.c. 231.§ 60B: 28 U.S.C.A. § 1652.

The Rules, of Decision Act, 28 U.S.C.§ 1652, and the Doctrine announced in Erie Railroad Co, v. Tompking, 304 U.S.64, 58 S.ct. 817,82 L.E.d 1188 (1938). Require the Federal Courts to apply certain provisions of the Massachusetts Medical Malpractice statute, Mass, Gen. Law Ch.231,§ 60B, in Medical Malpractice actions in which Federal Jurisdiction is based solely on the Diversity of citizenship of the parties. Before stating the issues more precisely, we outline the Facts of the case and briefly Describe Massachusetts' procedure for screening Malpractice actions brought against providers of Health Care. At this Juncture the plaintiff believe the Honorable court is given passive Negligence to the facts presented in the plaintiff complaint.

---

(8)

## VIII.

The circumstances outlined in the Order from the honorable court is a defect that can properly be resolved on a remedie allowing the plaintiff to amended his complaint pursuant to Fe.d Rule of Civ. Proc. Rule 15 (a). However the plaintiff may have mislead the court on the presentation in the complaint, for lacking the knowledge in the legal field. Although miscalculation on a presentation on a complaint is not a default that guarantees a dismissal of a claim. In this case at bar the plaintiff request that this court consider that the sole remedie available to his permanent injury is through a civil claim.

And he is entitled to be allowed to litigate his complaint, even if the plaintiff asserts ambiguity in Jurisdiction. Plaintiff by reasons claimed injuries resulting from the TOXIC product invented by Schering Plough Corp, For Negligence Tort. Also the plaintiff are sued Defendants Lehay Clinic and Doctor Steven Fleury, For Medical Malpractice pursuant to G.L.c.231,§60B with Jurisdiction under 28 U.S.C.A. 1652...Applying to Diversity parties that can properly be served under the Fed. Rules of Civ. Procedure. There is an amply bodily injury resulting in (psychological pain) and (Mental Anguish) the plaintiff has a Jurisdiction against Defendants Schering Plough Corp, Under 28 U.S.C.A. for Negligence Torts, and a Medical Malpractice claim against Lahey Clinic and Doctor. Steven Fleury under G.L.c.231,§ 60B.

The applicability laws and proper procedural method to correct defective Jurisdictional allegations is to amend complaint. Fed. Rules Civ. Proc. Rule 8(a), 28 U.S.C.A. Dow Chemical Co. V. Environmental protection Agency, 635 F. Supp. 126.

(9)

The court notes the potential statute of limitation issues raised by the complaint.

According to Federal statute and State law on <u>negligence Tort</u> and <u>Medical Malpractice</u> there is not a statute of limitations that prohibits a citizen to file a claim against a Corporation, agency, or Doctor, for injuries that did occur and are considered as <u>irreparable harm</u>, and are Permanent physical impediment to plaintiff's ability to function on a daily bases as a normal, natural Human Being.

<u>CONCLUSION</u>

Accordingly, for the foregoing reasons, the plaintiff prays this Honorable Court will allow this claim to <u>WITHSTAND</u>, and allow the Plaintiff to correct the <u>defect</u> by amending the Complaint.

Respectfully Submitted,

by _____
Joseph Facella Pro-se

CC:
File
J.F.

(10)