UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH FACELLA,                        ) | |
|         Plaintiff,        ) | |
| )| |
| v.          ) | C.A. No. 05-10938-WGY |
| ) | |
| SCHERING PLOUGH CORP.,    ) | |
| THE LAHEY CLINIC, and         ) | |
| DR. STEVEN FLEURY,              ) | |
|         Defendants.      ) | |

## MEMORANDUM AND ORDER

For the reasons stated below: 1) Plaintiff's Application to Proceed *in forma pauperis* is Allowed, and the filing fee assessed pursuant to 28 U.S.C. § 1915(b); 2) Within forty-two days (42) of the date of this Memorandum and Order, Plaintiff shall file an Amended Complaint which comports with the directives set forth herein; 3) Defendants Lahey Clinic and Dr. Steven Fleury are dismissed as Defendants in this action; and 4) Summonses shall issue only as to Defendant Schering Plough Corp. upon the filing of a complying Amended Complaint.

## FACTS

On May 2, 2005, Plaintiff Joseph Facella, a pretrial detainee awaiting a state criminal trial, currently in custody at the Bridgewater State Hospital in Bridgewater, MA by the Mass. Department of Corrections, filed a § 1983 civil rights complaint against Schering Plough Corp., The Lahey Clinic ("Lahey Clinic"), and Dr. Steven Fleury arising out of his prescribed use of alleged harmful medication. Plaintiff also alleges medical malpractice by Dr. Fleury. .

On May 13, 2005 a Memorandum and Order entered directing the Plaintiff to either pay the $250.00 filing fee, or file an Application to Proceed Without Prepayment of Fees accompanied by his prison account statement. The Court also directed the Plaintiff to show

cause why this action should not be dismissed for the reasons stated therein.

In response to that show cause Order, Plaintiff filed a completed Application to Proceed *in forma pauperis*, a motion to waive the filing fee, and a response to the show cause Order. The response is not entirely coherent, and does not specifically address the deficiencies noted in the Court's prior Memorandum and Order with respect to the federal question jurisdiction of this Court. However, in the response, Plaintiff has requested an opportunity to amend the complaint. Plaintiff has asserted diversity jurisdiction with respect to Defendant Schering Plough Corp., asserting a negligence claim. He has also asserted supplemental jurisdiction with respect to the remaining claims for medical malpractice by the Defendants Lahey Clinic and Dr. Steven Fleury.

## ANALYSIS

The Court finds Plaintiff's response to the show cause Order fails to demonstrate the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331, against any of the named Defendants, for the reasons previously outlined in the May 13 , 2005 Memorandum and Order. However, the Court finds that the Plaintiff has asserted diversity jurisdiction over the claim against Defendant Schering Plough Corp. only. Accordingly, the Court will permit Plaintiff's state negligent tort claim to proceed, provided the Plaintiff file an Amended Complaint setting forth any state-based claims against Defendant Schering Plough Corp., in accordance with this Memorandum and Order, within forty-two (42) days of the date of this Order. The Amended Complaint shall comply with Rule 8(a) of the Federal Rules of Civil Procedure.[1]

---

[1] Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in the Complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the

However, with respect to the medical malpractice claims against the Lahey Clinic and Dr. Fleury, the Court finds the Plaintiff has failed to set forth sufficient facts to invoke this Court's federal question or diversity jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Of course, the Court could exercise supplemental jurisdiction over any state claims, as a matter of discretion. See 28 U.S.C. § 1367(a). In this case, however, the Court finds the claims are not sufficiently related to the negligence claims against the manufacturer of the alleged harmful drug, and therefore will not exercise supplemental jurisdiction over these claims.

Accordingly, the claims against the Defendants Lahey Clinic and Dr. Fleury are dismissed without prejudice.

## CONCLUSION

ACCORDINGLY, for the foregoing reasons, it is hereby ORDERED:

1. Plaintiff's Application to Proceed *in forma pauperis* is allowed; the Motion to Waive the Filing Fee is allowed, and the filing fee shall be assessed pursuant to 28 U.S.C. § 1915(b).

2. Within forty-two days (42) of the date of this Memorandum and Order, Plaintiff shall file an Amended Complaint which comports with the directives set forth in this Memorandum and Order. Failure to do so shall result in the dismissal of this action, without prejudice;

3. Defendants Lahey Clinic and Dr. Steven Fleury are dismissed as Defendants in this action;

---

defendant is afforded a "meaningful opportunity to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). " ... [T]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (discussing pleading requirements in civil rights action). Although "the requirements of Rule 8(a)(2) are minimal ... minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

4.     Upon the filing of an Amended Complaint which comports with the Court's directives with respect to state law claims against Schering Plough Corp. only, a summons shall issue for service by the Plaintiff. The United States Marshal shall serve a copy of the summons, complaint, and this order upon defendant(s) as directed by Plaintiff with all costs of service to be advanced by the United States.

Dated: July 6, 2005

                                        /s/ William G. Young
                                        WILLIAM G. YOUNG
                                        CHIEF, UNITED STATES DISTRICT JUDGE