UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH FACELLA,                    )  | |
|        Plaintiff,               )  | |
|                                  )  | |
| v.                                 )  | C.A. No. 05-10938-WGY |
|                                  )  | |
| SCHERING PLOUGH CORP.,             )  | |
| THE LAHEY CLINIC, and              )  | |
| DR. STEVEN FLEURY,                 )  | |
|        Defendants.             )  | |

FURTHER MEMORANDUM AND ORDER

YOUNG, C.J.

For the reasons stated below: 1) the Order of Dismissal entered on September 7, 2005 is revised to the extent of this Memorandum and Order; (2) Plaintiff's Motion to Amend Complaint (#14) is allowed; (3) Plaintiff's Supplementary Complaint (#16) is allowed; (4) the Plaintiff's request for a Stay of the case in order to resolve state court proceedings (contained in the Motion to Amend Complaint (#14)) is denied; and (5) this action is dismissed for failure to comply with the Memorandum and Order of May 13, 2005 and the Memorandum and Order of July 6, 2005, and for the reasons set forth in the electronic Order of Dismissal dated September 7, 2005.

Additionally, Plaintiff's request for a return of filing fees paid in excess of the $250.00 filing fee already paid is allowed, and the Accounting Department of the Clerk's Office for the United States District Court is hereby directed to refund any monies received by the Plaintiff (or directly through the Treasurer's Office at Bridgewater State Hospital) which exceed the $250.00 filing fee. Moreover, the Treasurer's Office at Bridgewater State Hospital shall not submit any further installment payments to the Court pursuant to this Court's Orders (##11, 12) with respect to the filing fee due under 28 U.S.C. § 1915(b), in view of the payment in full by the Plaintiff.

BACKGROUND

On May 2, 2005, Plaintiff Joseph Facella, a pretrial detainee awaiting a state criminal trial, currently in custody at the Bridgewater State Hospital in Bridgewater, MA by the Mass. Department of Corrections, filed a self-prepared § 1983 civil rights complaint against Schering Plough Corp., The Lahey Clinic ("Lahey Clinic"), and Dr. Steven Fleury arising out of his prescribed use of alleged harmful medication. Plaintiff also alleges medical malpractice by Dr. Fleury.

More specifically, Plaintiff claims that in November 2001, The Lahey Clinic placed him on the medication Interferon-Alpha 2b+ Ribaviron, recently-approved FDA and marketed as "Peg-Intron." Compl. at ¶ 7. Plaintiff alleges that The Lahey Clinic prescribed the medication but neglected to check beforehand, his psychiatric background, which includes a history of alcoholism, depression, and psychiatric hospitalizations. Id. at ¶¶ 8, 13. Plaintiff was prescribed the drug for six months, and claims that it made him "extremely sick, delusional, and eventually psychotic." Id. at ¶ 9. Plaintiff claims that Schering Plough Corp., the manufacturer of "Peg-Intron" downplayed the serious side effects, including suicidal and homicidal propensities. Id. at ¶ 12. Plaintiff further claims he immediately complained about the side effects, and later began experiencing toxic psychosis during his last month of treatment, and this led to his "being arrested and then held at Bridgewater State Hospital..." Id. at ¶ 15.

On May 16, 2002, Plaintiff attempted suicide and seriously injured himself. Id. ¶ 16. Plaintiff is currently prescribed a variety of psychiatric medications.

Plaintiff seeks injunctive relief prohibiting the manufacturer, Schering Plough Corp. from manufacturing and distribution of "Peg-Intron" as well as the distribution by the medical

2

defendants.  In the alternative, Plaintiff seeks monetary damages.

On May 13, 2005, this Court issued a Memorandum and Order (#3) directing the Plaintiff to either pay the filing fee or file a completed application to proceed *in forma pauperis*.  The Memorandum and Order also directed the Plaintiff to show cause why this action should not be dismissed, for failure to plead a cognizable federal claim which would invoke the federal question subject matter jurisdiction of this Court, nor had he pled sufficient facts to invoke the diversity jurisdiction of this Court.  The Court also indicated that it would decline to exercise supplemental jurisdiction over the state law medical malpractice claims should Plaintiff fail to show cause as directed.

In response to the May 13, 2005 Memorandum and Order, Plaintiff filed the requisite material for this Court to assess the initial partial filing fee and grant Plaintiff's motion to proceed *in forma pauperis*.  Additionally, on July 6, 2005, this Court issued an Order dismissing the defendants Lahey Clinic and Dr. Steven Fleury, for failure to state a claim upon which relief could be granted.  Also on that date, a further Memorandum and Order (#11) issued directing the Plaintiff to file an Amended Complaint which comported with the directives set forth in the Memorandum and Order, and advised Plaintiff that failure to do so would result in the dismissal of this action, without prejudice.  The Court further Ordered that, upon the filing of a <u>compliant</u> Amended Complaint with respect to state law claims against Schering Plough Corp. only, a summons would issue for service by the Plaintiff.

Plaintiff thereafter sought an extension of time to file the Amended Complaint, which was allowed.  On August 26, 2005, Plaintiff filed an Amended Complaint (#14) which briefly reiterated his claims against all defendants, including the Lahey Clinic and Dr. Steven Fleury.

3

The pleading also sought a stay of this case pending the criminal case "he picked up as a result of the negligence before mentioned." Am. Compl. at ¶2. He further seeks a stay "so he can resolve state court fact finders which will be incorporated [sic] in this pleading." Id. at ¶9. He also states: "The state court proceding [sic] are due and the stay is necessary for final proof of this pleading." Id. at ¶ 11.

On September 1, 2005 Plaintiff filed a "Supplementary Amended Complaint" (#16) which essentially reiterated the claims made in his earlier Complaints.

On September 7, 2005, this Court entered an electronic Order with respect to the Plaintiff's Motion to transfer the case to state court, ruling that this Court was without authority to transfer this case and further ruling that the pleading was treated as a motion to dismiss the action without prejudice to its re-filing in the Courts of the Commonwealth.

On September 13, 2005, Plaintiff submitted a letter seeking the return of the $250.00 filing fee, which he claims was paid in error. He claims he did not have the money to pay the fee, and that "miraculously" he received a gift from his family to cover the $250.00 filing fee. He claims that the prison had already sent a $38.98 partial filing fee pursuant to the Court's directives.

## ANALYSIS

Upon further review of this dismissed action, prompted by Plaintiff's request for return of overpaid funds, the Court has reconsidered the Order of Dismissal entered on September 7, 2005 to the extent provided herein.

The Court previously ruled that Plaintiff's response to the show cause Order failed to demonstrate the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331, against

4

any of the named Defendants, for the reasons previously outlined in the May 13, 2005 Memorandum and Order. However, since Plaintiff could have asserted diversity jurisdiction over the claim against Defendant Schering Plough Corp. only, the Court permitted the Plaintiff to amend the Complaint to assert state claims against that defendant, <u>provided</u> the Amended Complaint set forth any state-based claims against Defendant Schering Plough Corp., in accordance with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. With respect to the medical malpractice claims against the Lahey Clinic and Dr. Fleury, the Court ruled Plaintiff had failed to set forth sufficient facts to invoke federal question or diversity jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, and that supplemental jurisdiction under 28 U.S.C. § 1367(a) would not be appropriate here because the claims against the drug manufacturer were not sufficiently related to the claims against the care providers.

     Here, Plaintiff has not complied with this Court's Memorandum and Order regarding the filing of an Amended Complaint to assert a diversity claim against Schering Plough Corp. only. His Amended Complaint (#14) and Supplementary Amended Complaint (#16) merely reiterate, in briefer fashion, the claims asserted in the original Complaint, against all Defendants. At this juncture, Plaintiff has been given substantial guidance by the Court with respect to the merits of his claims, and how to frame them, and he has been afforded several opportunities and extensions of time within which to comply with those directives, to no avail.

     Accordingly, this action is hereby dismissed in view of the reasons stated in the electronic Order of September 7, 2005 treating this case as a Motion to Dismiss the action without prejudice to its re-filing in the Courts of the Commonwealth. As additional grounds, for the reasons set forth in the May 13, 2005 Memorandum and Order, the July 6, 2005

Memorandum and Order, and for Plaintiff's failure to comply with the directives therein, or to show good cause why this case should not be dismissed, it is hereby ORDERED that the above captioned matter is dismissed in its entirety, without prejudice. In view of the dismissal, the request for stay pending state court criminal proceedings is also denied.

However, to the extent that Plaintiff seeks the return of monies paid by him in excess of the $250.00 filing fee, such request is Allowed. Accordingly, it is hereby ORDERED that the Accounting Department of the Clerk's Office for the United States District Court refund, forthwith, any monies received by the Plaintiff (or directly through the Treasurer's Office at Bridgewater State Hospital) which exceed the $250.00 filing fee. It is FURTHER ORDERED that the Treasurer's Office at Bridgewater State Hospital shall not submit any further installment payments to the Court pursuant to this Court's Orders (##11, 12) with respect to the filing fee in this case due under 28 U.S.C. § 1915(b), in view of the payment in full by the Plaintiff.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1.  The electronic Order of Dismissal entered on September 7, 2005 is revised to the extent of this Memorandum and Order;

2.   Plaintiff's Motion to Amend Complaint (#14) is allowed;

3.   Plaintiff's Supplementary Complaint (#16) is allowed;

4.   Plaintiff's request for a Stay of the case in order to resolve state court proceedings (contained in the Motion to Amend Complaint (#14)) is denied;

5.  This action is dismissed for failure to comply with the Memorandum and Order of May 13, 2005 and the Memorandum and Order of July 6, 2005, and for the reasons set forth in the electronic Order of Dismissal dated September 7, 2005;
6.  Plaintiff's request for a return of funds paid to the Clerk's Office in excess of the

$250.00 filing fee is allowed; the Accounting Department of the Clerk's Office for the United States District Court shall refund forthwith any monies received by the Plaintiff (or directly through the Treasurer's Office at Bridgewater State Hospital) which exceed the $250.00 filing fee; and

7. The Treasurer's Office at Bridgewater State Hospital shall not submit any further installment payments to the Court pursuant to this Court's Orders (##11, 12) with respect to the filing fee due under 28 U.S.C. § 1915(b), in view of the payment in full by the Plaintiff.

Dated:  September 28, 2005    /s/ William G. Young
WILLIAM G. YOUNG
CHIEF, UNITED STATES DISTRICT JUDGE